# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**PAMELA R. GLOVER,**

                **Plaintiff,**

**-vs-**                                            **Case No.  6:04-cv-1271-Orl-31KRS**

**GENTIVA HEALTH SERVICES, INC.,**

                **Defendant.**

_____

## ORDER

This cause came on for consideration following oral argument on the following motions filed herein:

> **MOTION:**     **MOTION TO REQUIRE SUBMISSION OF INVESTIGATIVE REPORT TO PERMIT IN CAMERA INSPECTION (Doc. No. 28)**
>
> **FILED:**     **April 25, 2005**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**. Following *in camera* inspection, it is **ORDERED** that the "Final Report of Investigation" shall be **redacted by the Department of Children & Families** and produced to Plaintiff and Defendant by June 8, 2005.

Plaintiff is suing her former employer under Florida's Whistleblower Act for her discharge, which she alleges was in retaliation for her threats to report Defendant's home health care omissions to the authorities. Doc. No. 2. Plaintiff served a subpoena on the Department of Children and Family Services ("DCF") seeking documents and records related to a complaint initiated by Plaintiff to DCF immediately following her termination by Defendant. Doc. No. 28. Defendant Gentiva Health

Services, Inc. ("Gentiva") opposes disclosure of the report. DCF maintains that it is prohibited from producing the report absent a court order pursuant to Florida law, which denies "access to all records" except when "a court, by subpoena, upon its finding that access to such records may be necessary to determine of an issue before the court; however, such access must be limited to inspection in camera, unless the court determines that public disclosure of the information contained in the records is necessary for the resolution of an issue then pending before it." FLA. STAT. § 415.107(3)(e).

On May 23, 2005, Judge Spaulding entered an Order requiring DCF to file with the Court, under seal, the documents described in the subpoena issued to the Department seeking a copy of the complete investigative file. Doc. No. 39. Judge Spaulding set the matter for oral argument on the issue of whether the documents should be disclosed to the plaintiff, and whether additional discovery should be permitted regarding the documents, if they are disclosed. DCF produced the file to the Court for *in camera* inspection. Doc. No. 39. Upon learning on May 27, 2005 at the time of oral argument that Plaintiff was represented by a member of Judge Spaulding's reappointment committee, Judge Spaulding immediately recused herself from the case and vacated that Order. Doc. No. 40, 41. Oral argument on whether the DCF report should be disclosed then proceeded in front of the undersigned.[1]

At oral argument, Plaintiff argued that the report at issue, Plaintiff's complaint to DCF and the subsequent investigation, is necessary for a determination of the issues of the objective and subjective reasonableness of Plaintiff's belief that Defendant was violating the law. Defendant does not dispute that Plaintiff made a complaint to DCF; however, Defendant objects to any reliance on the content or conclusions in the report by the DCF investigator, whose conclusions, Defendant

---

[1] When Judge Spaulding's recusal was docketed by the Clerk, the case was randomly reassigned to Magistrate Judge Glazebrook, who will handle the Magistrate Judge duties for the case going forward.

contends, would not meet the evidentiary standards required under *Daubert*. Defendant also contends that the report is not relevant, in that Plaintiff did not call DCF to complain until after she was fired. Defendant also denies that it received a copy of the report and, thus, has not produced it.

Based on the Court's *in camera* review of the file and the oral argument of the parties, the Court finds that the Final Report of Investigation is necessary to the issue of the reasonableness of Plaintiff's informal internal complaints that she contends led to the agency complaints after her termination. *Meeks v. Computer Associates International*, 15 F.3d 1013, 1021 (11th Cir. 1994) ("To recover for retaliation, the plaintiff 'need not prove the underlying claim of discrimination which led to her protest,' so long as she had a reasonable good faith belief that the discrimination existed."). It is **ORDERED** that the "Final Report of Investigation" shall be **redacted by the Department of Children & Families** and produced to Plaintiff and Defendant by June 8, 2005.[2] Should either party contend that additional production from DCF's file or other discovery is warranted, an appropriate motion should be filed after complying with Local Rule 3.01(g).

### *Motion to Compel Omni Home Care*

On May 2, 2005, Defendant filed a motion to compel non-party Omni Home Care ("Omni") to produce certain documents, Doc. No. 31. On May 17, 2005, Gentiva and Omni filed a joint motion for entry of an order reflecting a resolution that Gentiva and Omni reached regarding the documents that were the subject of the May 2, 2005, motion. Judge Spaulding **ORDERED** Omni to produce to Gentiva, on or before May 23, 2005, an unredacted copy of a February 3, 2005, email exchange between Deb Garau and Tracey Clark subject to the terms of the parties' Stipulated Protective

---

[2] In ordering production of the agency's final report, the Court makes no determination as to its admissibility either at trial or with respect any motion for summary judgment.

Agreement. Doc. No. 37. Omni was also ordered to make its best efforts to obtain any additional documentation possessed by Deb Garau that relates or refers to plaintiff Pamela R. Glover, and it shall produce such documents within three business days after receiving them subject to the terms of the parties' Stipulated Protective Agreement. Doc. No. 37. Judge Spaulding subsequently vacated that Order upon recusing herself from the case because of Plaintiff's representation by a member of Judge Spaulding's reappointment committee. Doc. No. 40, 41. The Court has reconsidered the matters and makes the following rulings:

| | |
|---|---|
| **MOTION:** | **DEFENDANT GENTIVA HEALTH SERVICES, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS [FROM OMNI HOME CARE] (Doc. No. 31)** |
| **FILED:** | **May 20, 2005** |
| **THEREON** it is **ORDERED** that the motion is **DENIED** as moot given the parties' stipulation. | |
| **MOTION:** | **JOINT MOTION TO EXTEND TIME FOR RESPONDING TO MOTION TO COMPEL PRODUCTION OF DOCUMENTS (Doc. No. 33)** |
| **FILED:** | **May 13, 2005** |
| **THEREON** it is **ORDERED** that the motion is **DENIED**. | |
| **MOTION:** | **JOINT MOTION FOR ENTRY OF ORDER ON MOTION TO COMPEL PRODUCTION OF DOCUMENTS (Doc. No. 36)** |
| **FILED:** | **May 17, 2005** |
| **THEREON** it is **ORDERED** that the motion is **GRANTED**. The stipulation is approved. | |

**DONE** and **ORDERED** in Orlando, Florida on May 31, 2005.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Department of Children and Families